```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Fischer Diamonds, Inc.,

                       Plaintiff,         CV-06-2737 (CPS)

   - against -                            MEMORANDUM OPINION
                                          AND ORDER

Andrew Meyer Designs, L.L.C., et al.

                       Defendants.
----------------------------------------X
```

SIFTON, Senior Judge.

    Plaintiff Fischer Diamonds ("Fischer") brings this action against defendants Andrew Meyer Designs, LLC ("AMD"), Andrew Meyer Jewelry, Inc. ("AMJ") and Andrew Meyer ("Meyer"), an individual, alleging claims for (1) breach of contract; (2) piercing the corporate veil; and (3) successor liability. On June 2, 2006 I denied plaintiff's motion for a temporary restraining order for failure to comply with the requirements of Federal Rule of Civil Procedure 65(b).

    Presently before the court is plaintiff's motion for a preliminary injunction preventing defendants from shifting any property except that which is necessary for their normal business operations. For the reasons that follow, plaintiff's motion is denied.

-2-

## BACKGROUND

What follows sets forth this Court's findings of fact and conclusions of law as required by Federal Rules of Civil Procedure 52(a) and 65.

Plaintiff is in the business of supplying loose diamonds to wholesalers and retailers. On or about July 30, 2004 plaintiff entered into an agreement to supply loose diamonds to Andrew Meyer LLC. Andrew Meyer LLC failed to fully compensate plaintiff for diamonds supplied, as required by the agreement. In response to the non-payment, plaintiff, in a previous lawsuit, *Fischer Diamonds, Inc. v. Andrew Meyer, LLC*, 05-CV-6051, filed a complaint against Andrew Meyer LLC and obtained a default judgment in the amount of $168,709.65.[1] After entry of the default judgment, plaintiff moved for a temporary restraining order and a preliminary injunction in that case, seeking to prevent defendant Andrew Meyer LLC from transferring any funds not necessary for the normal course of business. I denied those motions because plaintiff had an adequate remedy at law in the form of a Restraining Notice pursuant to Federal Rule of Civil Procedure 69 and New York CPLR § 5222(b). Following the denial, plaintiff served a Restraining Notice on Andrew Meyer LLC.

In the instant action, plaintiff alleges that as alter egos

---

[1] Although plaintiff initially sued both Andrew Meyer LLC and Andrew Meyer, individually, the counts against Andrew Meyer individually were dismissed without prejudice on March 21, 2006 prior to the entry of the default judgment.

-3-

of Andrew Meyer LLC, defendants AMD and AMJ are liable for the breach of the contract detailed above, as well as the judgment obtained against Andrew Meyer LLC in the previous action. Alternatively, plaintiff alleges that as a successor of Andrew Meyer LLC, AMD is liable for the default judgment against Andrew Meyer LLC.

In anticipation of a judgment against the defendants in the new action, plaintiff seeks a preliminary injunction which prevents defendants from moving assets to avoid payment of the judgment.

## DISCUSSION

A party seeking a preliminary injunction must show (1) that the party will suffer irreparable injury in the absence of such an injunction; and (2) either (a) they are likely to succeed on the merits of their case, or (b) they have raised questions going to the merits that are sufficiently serious to render them fair grounds for litigation, and that a balancing of the hardships tips decidedly toward the movant. *Bery v. City of New York*, 97 F.3d 689, 694 (2d Cir. 1996). Plaintiff argues, and defendant disputes, that it will suffer irreparable harm and has shown likelihood of success on the merits, and that the balance of the hardships tips in its favor. However, I need not address the majority of the parties' arguments, because I conclude that even if plaintiff had met its burden, this court is without power to

-4-

issue the preliminary injunction plaintiff seeks.

    A recent case from the Southern District of New York, *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 295 F. Supp. 2d 366, 388 (S.D.N.Y. 2003), is informative. In *JSC* the plaintiff sued two individuals to enforce a judgment obtained in a previous action against a corporate defendant. The two individuals were alleged to be alter egos of the corporation and therefore liable for the previous judgment. As did plaintiff here, JSC moved for a preliminary injunction prohibiting the defendants from transferring or otherwise disposing of assets which could be used to satisfy any judgment obtained. Citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), the court concluded that it was without power to grant the requested injunction, an equitable remedy, in a primarily legal action.

    In *Grupo Mexicano,* the United States Supreme Court held that a district court's power under Federal Rule of Civil Procedure 65 to grant a preliminary injunction was limited to cases where the plaintiff was seeking equitable relief. In the absence of a judgment against the defendant, no equitable remedy was available, and it followed that the district court had no power to grant a preliminary injunction where the plaintiff had not obtained a judgment against the defendant.

    Although plaintiff here has already obtained a judgment

-5-

against Andrew Meyer LLC, this circumstance does not change the legal character of the instant action against defendants AMD, AMJ and Meyer. In *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2nd Cir. 1991), the Second Circuit rejected the proposition that in an alter ego case, the claim for money damages was merely incidental to plaintiff's equitable piercing claim, holding that an alter ego action to enforce a money judgment is essentially an action for money damages. 933 F.2d at 136. *See also Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974) ("'where an action is simply for the recovery...of a money judgment, the action is one at law'") (quoting *Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962) (stating that insofar as complaint requests a money judgment "it presents a claim which is unquestionably legal").

"The alter ego action...is an action for money damages, even though it is brought as part of an action to enforce a judgment. The equitable relief plaintiff seeks...is incidental to, and indeed contingent upon the success of, the plaintiff's alter ego action. Before the plaintiff can seek equitable relief in enforcing the prior judgment, it must prove the legal liability of [the defendants] as alter egos." *JSC*, supra, at 389. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 122 (1969). A district court's equitable power to issue a preliminary

-6-

injunction to prevent a defendant from shifting assets does not extend to actions for money damages where the plaintiff claims no lien or equitable interest in the assets sought to be enjoined. *JSC* at 388. The *JSC* court denied the plaintiff's motion for a preliminary injunction for this reason. The same outcome is appropriate here.

As noted in *JSC*, when a plaintiff has reason to believe that a defendant might take actions to frustrate an anticipated money judgment, its remedies lie in the state prejudgment remedies available through Federal Rule of Civil Procedure 64, not a preliminary injunction. As the Supreme Court has noted, the granting of a preliminary injunction in an action for money damages "could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance. Why go through the trouble of complying with local attachment and garnishment statutes when this all-purpose prejudgment injunction is available?" *Grupo Mexicano*, 527 U.S. at 330-31.

Accordingly, plaintiff's motion for a preliminary injunction must be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied.

-7-

The clerk is directed to transmit a copy of the within to all parties and the Magistrate Judge.

SO ORDERED.

Dated :   June 21, 2006
          Brooklyn, New York

               By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                    United States District Judge